UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| HOMIER & SONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:17 CV 1548 |
| ) | |
| FIDELITY SECURITY ) | |
| LIFE INSURANCE COMPANY, ) | JUDGE JAMES G. CARR |
| ) | |
| Defendant. ) | MAG. JUDGE JAMES R. KNEPP II |

## COMPLAINT

Plaintiff Homier & Sons, Inc. ("Homier"), for its Complaint against defendant Fidelity Security Life Insurance Company ("Fidelity"), states as follows:

### JURISDICTION AND VENUE

1. This is an action for breach of a reinsurance contract between the parties (the "Policy"). The Court has jurisdiction of this case pursuant to 28 U.S.C. §1332, in that this action arises under the laws of the State of Ohio, the citizenship of the parties is diverse, and the amount in controversy exceeds $75,000.

2. Venue in the Northern District of Ohio is appropriate by virtue of the Policy being administered in this District.

### PARTIES

3. Homier is an Ohio corporation whose principal place of business is in Continental, Ohio.

4. Fidelity is a Missouri corporation whose principal place of business is Kansas City, Missouri. It does business, including administering the Policy, in this district.

# FACTS

## A.

## The Plan

5. Homier provides medical benefits to its employees by sponsoring a self-funded welfare benefit plan (the "Plan") subject to and consistent with the requirements of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. ("ERISA").

6. To protect itself against extraordinary claims by participants in the Plan, Homier purchased the Policy from Fidelity.

7. The Plan establishes eligible classifications of Plan participants, including "[a] full-time Employee of the Employer who regularly works 40 or more hours per week."

8. Employees classified as part-time, temporary, leased or seasonal employees are not eligible to participate in the Plan.

9. When for health reasons, a full-time employee either takes a leave of absence or works reduced hours, Homier does not reclassify the employee into an ineligible category of employee. Rather, its policy is to continue to permit the employee to participate in the Plan with the expectation that the employee will be able to resume the work schedule expected of a full-time employee.

10. If and when it becomes clear that a full-time employee will not be able to return to work on a full-time basis, eligibility under the Plan will cease, triggering the opportunity to elect continuation coverage pursuant to the Consolidated Omnibus Budget Reconciliation Act of 1986 ("COBRA").

2

3343508

## B.

### Mr. McCullough

11. Mark McCullough, a full-time employee and a participant in the Plan, became ill and was unable to continue active employment, at which point Homier, consistent with its policy, granted him an unpaid leave of absence during which he continued to participate in the Plan. In granting the leave, Homier did not reclassify Mr. McCullough as other than a full-time employee.

12. Because Mr. McCullough continued his participation in the Plan when he began his leave of absence, he did not experience a "qualifying event" that would trigger the obligation of Homier to offer him COBRA continuation coverage.

13. As his recovery progressed and as permitted by his treating physicians, Mr. McCullough returned to work on a part-time basis, then finally back to full-time hours as both Homier and Mr. McCullough anticipated would be the case.

14. Homier has always classified Mr. McCullough as a "full-time employee" for purposes of his eligibility in the Plan.

15. At no time did his continued participation in the Plan become an issue. Homier continued to pay premiums for Mr. McCullough during his leave of absence as required by the Policy, and those premiums were accepted by Fidelity.

3343508

## C.

## The Claim and Its Denial

16. During Mr. McCullough's leave of absence, he incurred covered medical expenses under the Plan for the treatment of his illness that were substantial enough to exceed the attachment point of the Policy, thereby incurring a claim thereunder.

17. After filing a claim under the Policy (the "Claim"), Homier learned that it had been denied by Fidelity through several communications with multiple parties over many months that included Anthony E. Martin, the insurance agent who placed the coverage with Fidelity, Meritain Health, Inc., the Plan's third-party administrator, Strategic Underwriting Solutions, LLC, the managing general agent for Fidelity, and finally, Fidelity itself.

18. Fidelity, without ever consulting Homier as to its policy regarding when coverage ends under the Plan, unilaterally took the position that it can deny coverage of the Claim through its own inconsistent interpretation, despite the fact that Homier has the exclusive fiduciary responsibility and discretionary authority to administer the Plan according to its terms.

19. Fidelity interprets the application of the facts to the Policy as follows:

   a. Mr. McCullough ceased to be an Eligible Employee under the Plan as of the date he began his authorized leave of absence due to his illness;

   b. The beginning of Mr. McCullough's leave of absence was a "qualifying event" as that term is defined in COBRA that required Homier to provide Mr. McCullough an opportunity to enroll in COBRA continuation coverage; and

   c. The failure of Homier to provide Mr. McCullough an opportunity to elect COBRA continuation coverage caused his coverage under the Plan to lapse.

4

d. Fidelity relies on the right under the Policy to interpret the Plan contrary to Homier's interpretation so that coverage for the Claim is denied.

20. Fidelity's interpretation is inconsistent with other terms in the Policy that, for example, envision coverage for a Covered Person who is not Actively at Work.

21. Fidelity's interpretation of the Plan's eligibility terms would require Homier to offer COBRA continuation coverage to every participant who is absent from work due to illness, even if only for a day, an interpretation that would create a substantial administrative burden and would entirely defeat the purpose of the Plan to provide benefits for illnesses or injuries, including those that require any amount of time off from work.

22. Fidelity's interpretation, contrary to Homier's leave of absence policy, makes it unlikely that Fidelity would ever be liable for a claim under the Policy, in that most covered expenses under the Plan that would reach the attachment point of the Policy would involve time off from work.

23. The Policy does not permit Fidelity to selectively manufacture its own interpretation of isolated terms of the Plan without considering the Plan as a whole, including Homier's power and duty as Plan fiduciary to be the exclusive interpreter of the Plan's terms, subject only to an arbitrary and capricious standard of review.

## COUNT I

24. Homier restates Paragraphs 1-23.

25. Fidelity's denial of coverage for the Claim under the Policy is a breach of its obligations under the Policy.

3343508

WHEREFORE, Homier requests judgment in its favor and against Fidelity, including damages in the amount of the Claim that Fidelity would have paid but for its incorrect interpretation of the Policy, prejudgment interest, costs, and all other appropriate relief.

Respectfully submitted,

BECKMAN LAWSON, LLP

By: *signature*

Douglas Dormire Powers, #6477-90
dpowers@beckmanlawson.com
201 West Wayne Street
Fort Wayne, IN 46802
Telephone: (260) 422-0800
Facsimile: (260) 420-1013
ATTORNEY FOR PLAINTIFF,
HOMIER & SONS, INC.

3343508